UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAKE DEAN SMITH, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:05-CV-186 RM |
| vs. | ) |
| | ) |
| LT. GEORGE O'BREN, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Jake Dean Smith, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Smith seeks the return of the money seized from him when he was arrested. Mr. Smith says this money is being held as evidence in his ongoing state criminal prosecution. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

> Younger holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present. . . . In Barichello v. McDonald, 98 F.3d 948 (7th Cir.1996), we said that Younger has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." [Barichello] at 954.

State of Indiana v. Haws, 131 F.3d 1205, 1210 (7th Cir. 1997). Criminal prosecution is an important state interest and Mr. Smith's allegations don't allege facts that present either extraordinary or unusual circumstances. Though Mr. Smith believes that he can prove that his money should be returned to him, the proper place for him to present that evidence is to the state criminal court.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C.

§ 1915A.

    SO ORDERED.

    ENTERED: April __11__, 2005

                                        ___/s/ Robert L. Miller, Jr.____
                                        Chief Judge
                                        United States District Court